**IN THE WESTERN DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

ROBERT LAVENDER, et al., )
)
Plaintiffs, )
)
vs. )
)
WOLPOFF & ABRAMSON, L.L.P., ) No. 07-0015-CV-W-FJG
)
Defendants. )
)

# ORDER

Currently pending before the Court is defendants' Joint Motion to Dismiss (Doc. # 21) and Plaintiffs' Motions for Partial Summary Judgment (Docs. # 32, 46).

## I. BACKGROUND

Plaintiffs in this case entered into credit agreements with MBNA America ("MBNA"). Plaintiffs allege that the defendants, debt collection law firms, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e and the Missouri Merchandising Practices Act ("MMPA"). Defendant Wolpoff is a Maryland based law firm. Defendants Kramer and Gamache are Missouri based law firms. Plaintiffs allege that Wolpoff violated both statutes by engaging in the unauthorized practice of law while pursuing arbitrations against the plaintiffs. Plaintiffs also allege that Wolpoff violated the statutes in seeking attorney fees for its work. Plaintiffs allege that Kramer and Gamache violated the statutes in seeking to confirm the arbitration awards obtained by Wolpoff in Missouri courts.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

## III. DISCUSSION

**A. Missouri Merchandising Practices Act**

The Missouri Merchandising Practices Act provides:

Mo.Rev.Stat. § 407.020. Unlawful practices, penalty--exceptions--civil damages

> 1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in

2

> section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

Defendants move to dismiss plaintiffs' MMPA claims for two reasons: 1) plaintiffs have failed to plead their claims with particularity as required by Fed.R.Civ.P. 9(b) and the MMPA statute; 2) plaintiffs lack standing under the Act because the defendants provided no goods or services to plaintiffs and plaintiffs did not purchase any merchandise from defendants. Defendants argue that they did not use or employ any deception in connection with the *sale* of any merchandise, goods or service and thus the statute does not apply.

Plaintiffs argue that the MMPA imposes liability on those who engage in false, misleading or deceptive practices, even in the absence of fraud. Thus, plaintiffs argue that they are not required to plead their allegations with increased particularity. In response to the second argument, plaintiffs state that they have alleged that the defendants used deception, misrepresentation and false pretense "in connection with the sale on credit of objects, wares, goods, commodities, intangibles, services, household products, or consumer products." (First Amended Complaint ¶ 29).

In reply, defendants note that while the plaintiffs may have purchased goods or services using their MBNA credit cards, they do not allege that they purchased anything directly from the defendants. Defendants state that the plaintiffs incurred their debts

3

long before the defendants had any involvement in MBNA's efforts to collect plaintiff's unpaid debts.

In Courchene v. Citibank N.A., No. 06-4026-CV-C-NKL, 2006 WL 2192110 (W.D.Mo. Aug. 1, 2006), the defendant moved to dismiss the plaintiff's MMPA claim because plaintiff failed to allege any fraud or misconduct in connection with a sale or advertisement. The Court dismissed the claim noting that "Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims." Id. at *2. The Court finds that in the instant case, plaintiffs have also failed to set forth with particularity, the specifics of their fraud claims against the defendants. This alone would be reason to dismiss the claim. However, the Court also agrees that the MMPA is not applicable in this instance. There is no allegation that the plaintiffs were clients or customers of the defendants. The defendants did not sell any goods or merchandise or provide any services to the plaintiffs. Plaintiffs have failed to state a cause of action under this statute. Accordingly, the Court hereby **DISMISSES** plaintiffs' MMPA claims against the defendants.

### B. Fair Debt Collection Practices Act

Defendants make several arguments in favor of dismissing plaintiffs' FDCPA claims. However, the one argument which plaintiffs fail to address and which the Court believes is central to the case is the Statute of Limitations issue. The Statute of Limitations for the FDCPA states:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within *one year from the date on which the violation occurs.*

4

15 U.S.C. § 1692k (d)(emphasis added).

Defendant Wolpoff asserts that this lawsuit was filed on January 8, 2007, meaning that any claims accruing before January 8, 2006 are time barred. Wolpoff asserts that the arbitration proceedings for Robert Lavender, Jewell Lavender, Helen Sams, Rose McCombe, Gerald McCombe, Celeste Kim, Judy Friend, Shirley Gallagher and Kathleen Miles were all filed prior to this date and thus would be time barred. Before addressing any other arguments raised in the motions to dismiss, the Court hereby **ORDERS** plaintiffs to show cause why the Motion to Dismiss should not be **GRANTED**. Plaintiffs should file a response addressing the Statute of Limitations issue on or before **September 17, 2007**. Defendants may then file Reply Suggestions within the time allotted under the Local Rules.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** defendants' Motions to Dismiss plaintiffs' MMPA claims. The Court will defer ruling on the defendants' Motions to Dismiss plaintiffs' FDCPA claims until after the parties have completed briefing on the statute of limitations issue. The Court will also defer ruling on the plaintiffs' Motions for Partial Summary Judgment. Accordingly, the defendants' Joint Motion to Dismiss is hereby **GRANTED** in part (Doc. # 21).

Date:  8/30/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge