IN THE WESTERN DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT LAVENDER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| WOLPOFF & ABRAMSON, L.L.P., | ) No. 07-0015-CV-W-FJG |
| Defendants. | ) |

## ORDER

Currently pending before the Court is defendants' Joint Motion to Dismiss (Doc. # 21) and Plaintiffs' Motions for Partial Summary Judgment (Doc. # 32); Gerald McCoombe's First Motion for Partial Summary Judgment (Doc. # 46); Jeffrey Tonkin's Motion for Partial Summary Judgment (Doc. # 54), Gerald McCoombe's Motion to Withdraw Document and Correct Record (Doc. # 59); Robert Lavender's First Motion for Partial Summary Judgment (Doc. # 62); Gerald McCoombe's Motion to Clarify Motion for Partial Summary Judgment (Doc. # 77); Jewell Lavender's Motion for Partial Summary Judgment (Doc. # 78); Rose McCoombe's First Motion for Partial Summary Judgment (Doc. # 82); and Wolpoff & Abramson's Motion to Stay and/or Extension of Time as to all Pending Motions Filed by Plaintiffs (Doc. # 86).

### I. BACKGROUND

Plaintiffs in this case entered into credit agreements with MBNA America ("MBNA"). Plaintiffs allege that the defendants, debt collection law firms, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

1692e and the Missouri Merchandising Practices Act ("MMPA"). Defendant Wolpoff is a Maryland based law firm. Defendants Kramer and Gamache are Missouri based law firms. Plaintiffs allege that Wolpoff violated both statutes by engaging in the unauthorized practice of law while pursuing arbitrations against the plaintiffs. Plaintiffs also allege that Wolpoff violated the statutes in seeking attorney fees for its work. Plaintiffs allege that Kramer and Gamache violated the statutes in seeking to confirm the arbitration awards obtained by Wolpoff in Missouri courts.

On August 30, 2007, the Court dismissed plaintiffs' claims under the Missouri Merchandising Practices Act, finding that the Act was not applicable in this instance. With regard to the Fair Debt Collect Practices Act Claim ("FDCPA"), the Court directed plaintiffs to file a response addressing whether the claims of Robert Lavender, Jewell Lavender, Helen Sams, Rose McCoombe, Gerald McCoombe, Celeste Kim, Judy Friend, Shirley Gallagher and Kathleen Miles were time barred. The Court deferred ruling on defendants' Motions to Dismiss until after the parties had completed their briefing. The Court also deferred ruling on plaintiff's Motions for Partial Summary Judgment.

## II. STANDARD

The Supreme Court recently issued a new standard to apply when considering motions to dismiss. In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

2

> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do . . . . Factual allegations must be enough to raise a right
> to relief above the speculative level . . .on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 1974.

## III. DISCUSSION

Plaintiff Gerald McCoombe filed a response to the Court's Order on September 3, 2007 and the remaining plaintiffs filed a response on September 10, 2007. Plaintiffs Gerald McCoombe, Robert Lavender, Jewell Lavender, Rose McCoombe and Celeste Kim state that they have information which shows that Wolpoff committed violations of the FDCPA after January 6, 2006. These plaintiffs all allege that Wolpoff initiated arbitrations against them and then after they disputed the existence of the arbitration agreement, Wolpoff continued with arbitration proceedings in spite of their disagreement over the arbitrability. Plaintiffs Helen Sams, Judy Friend, Shirley Gallagher and Kathleen Miles do not make any direct response to the statute of limitations issue and instead have requested an enlargement of forty-five days to conduct discovery regarding whether Wolpoff took any actions against them after January 6, 2006.

3

Wolpoff in reply acknowledges that the claims of the Gerald McCoombe, Rose McCoombe, Robert Lavender, Jewell Lavender and Celeste Kim are not subject to its Motion to Dismiss because their claims go beyond the scope of the pleadings. However, Wolpoff does argue that the Court should dismiss all other claims brought by plaintiffs for failure to state a claim upon which relief can be granted. Wolpoff requests that the Court enter an Order 1) granting Wolpoff's Motion to Dismiss all of plaintiffs' claims arising out of acts occurring on or before January 8, 2006 and that the only remaining claim is whether Wolpoff violated the FDCPA by continuing to pursue arbitrations after five of the plaintiffs objected; 2) dismissing all of plaintiffs' claims that Wolpoff violated the FDCPA by engaging in the unauthorized practice of law and 3) denying all pending motions for summary judgment as premature or as substantively deficient.

### A. Statute of Limitations

Wolpoff acknowledged in its Reply Suggestions that plaintiffs Gerald McCoombe, Rose McCoombe, Robert Lavender, Jewell Lavender and Celeste Kim have stated claims that would be timely pursuant to the FDCPA one year statute of limitations. However, Wolpoff argues that all other claims predating January 8, 2006 should be dismissed. The Court agrees. The Statute of Limitations for the FDCPA states:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within *one year from the date on which the violation occurs.*

15 U.S.C. § 1692k (d)(emphasis added).

Plaintiffs' suit was filed on January 8, 2007, meaning that any claims accruing

before January 8, 2006 are time barred. In response to the Court's Order, four of the plaintiffs (Helen Sams[1], Judy Friend, Shirley Gallagher and Katherin Miles) requested a forty-five day extension of time in which to conduct discovery to determine what actions Wolpoff has taken since January 6, 2006 in their cases. The Court sees no reason to allow such an extension of time. This is information which should have been determined before suit was even filed. Accordingly, Wolpoff's Motion to Dismiss is hereby **GRANTED** with regard to the claims of plaintiffs Judy Friend (Count Ten), Shirley Gallagher (Count Eleven) and Katherin Miles (Count Twelve).

### B. Unauthorized Practice of Law

Wolpoff had previously moved to dismiss plaintiffs claims which alleged that Wolpoff violated the FDCPA by engaging in the unauthorized practice of law. The Court finds that these claims are not cognizable under the FDCPA. In Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F.Supp.2d 353 (E.D.N.Y. 2005), the Court stated:

> allegations relating to the 'unauthorized practice of law' are 'the province of state bar associations and state courts. Plaintiffs' allegations in this matter certainly might interest [New York State's] Attorney Registration and Disciplinary Committee, but they do not appear to be cognizable under the FDCPA.' Bass v. Arrow Fin. Servs., L.L.C., 2002 WL 1559635, at *3 (N.D.Ill. July 16, 2002). The Court finds this reasoning persuasive. Therefore, to the extent that plaintiffs allege that ECM, through EEC, was engaged in the 'unauthorized practice of law' because EEC is, in essence, an alter ego of ECM, that claim is not recognized by the FDCPA and it is dismissed.

Id. at 361. See also, Anderson v. Gamache & Myers, No. 4:07CV336MLM, 2007 WL 1577610, * 4 (E.D.Mo. May 31, 2007)("Plaintiff's claim . . .that G&M violated the

---

[1] The Court is unclear why plaintiff Helen Sams is requesting an extension of time to conduct discovery as to defendant Wolpoff since she did not assert a claim against Wolpoff, but only against defendant Gamache & Myers.

FDCPA, § 1692e(10), by using false, deceptive, and/or misleading means to collect a debt by assisting AMAR in the unauthorized practice of law is not cognizable pursuant to FDCPA.").

Therefore, the Court **GRANTS IN PART** defendants' Motions to Dismiss plaintiffs' claims that they violated the FDCPA by engaging in the unauthorized practice of law.

### C. Rooker-Feldman Doctrine

Defendants Gamache & Myers and Kramer & Frank both argue that plaintiffs' claims should also be dismissed because the Rooker Feldman Doctrine bars the claims. Defendants state that the doctrine bars a party who lost in state court from seeking appellate review of the state court judgment in a federal district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Although only defendants Gamache & Myers and Kramer & Frank referenced the Rooker Feldman doctrine in their Suggestions in Support, it is unclear from the pleadings if defendant Wolpoff is also asserting this defense. Additionally, it is also unclear which defendants are asserting this defense against which plaintiffs. Before ruling on this motion, the Court would like further briefing from the parties addressing this issue. The Court is aware that there is conflicting authority discussing the application of this doctrine in reference to FDCPA claims. Therefore, the defendants shall specifically delineate how they believe this doctrine applies to plaintiffs' claims. In response, plaintiffs shall state with reference to the allegations in the First Amended Complaint, why they do not believe the doctrine applies.

6

**D. Res Judicata**

Defendants Kramer & Frank and Gamache & Myers argue that this doctrine also applies to bar plaintiffs' claims. However, plaintiffs failed to respond to this argument at all. Therefore, in conjunction with the additional briefing on Rooker-Feldman, the Court would like the parties to address this issue as well.

The defendants shall jointly file a Supplemental Motion to Dismiss addressing these issues on or before **November 15, 2007**. Plaintiffs shall respond within the time allowed under the rules and defendants may then file Reply Suggestions.

**E. Motion to Stay**

Defendant Wolpoff has filed a Motion to Stay and/or Extension of Time As to All Pending Motions for Summary Judgment and Request for Sanctions (Doc. # 86). There are currently pending a cross-motion for partial summary judgment filed by all plaintiffs (Doc. # 32), a motion for summary judgment filed by Gerald McCoombe (Doc. # 46), a motion for summary judgment filed by Jeffrey Tonkin (Doc. # 54), additionally the following plaintiffs have also filed motions for summary judgment - Robert Lavender, Jewell Lavender and Rose McCoombe. Wolpoff argues that these separately filed and duplicative motions present an unnecessary burden on counsel, requiring them to separately brief the same issue on multiple occasions. Additionally, Wolpoff argues that the multiple motions clutter the docket and waste judicial resources. Wolpoff suggests that the motions should be either stayed or denied pending the development of the record in this case. Wolpoff states that discovery is ongoing and depositions have not even been held. Additionally, Wolpoff states that it must explore the entirety of the

underlying arbitration proceedings, the mechanisms of the settlement procedures and whether plaintiff's denial of the existence of the arbitration agreement was a deliberate misrepresentation, whether plaintiff was assisted by counsel and evidence establishing a bona fide error exception to any alleged FDCPA violations.

Plaintiffs filed a response stating that Wolpoff's filing of the Joint Motion to Dismiss put certain facts into the record that impute liability onto itself. Thus, plaintiffs state that they filed motions asking for a determination of these issues. Plaintiffs state that they did not file any further motions for summary judgment with regard to their second theory of liability, but that they have only filed motions for summary judgement under their remaining theories. Plaintiffs state that in the First Amended Complaint, ten plaintiffs have alleged that defendant Wolpoff violated the FDCPA in at least four different ways, thus plaintiffs state the First Amended Complaint embraces forty plus claims under the FDCPA. Plaintiffs' counsel states that the progress of the litigation could have been expedited had Wolpoff first sought discovery to determine what theories of recovery were embraced by the First Amended Complaint, then sought to dismiss claims once discovery had framed the claims.

The Court disagrees with the approach suggested by plaintiffs. The filing of several, nearly identical motions for summary judgment before the close of discovery has delayed the progression of this case, congested the docket and wasted judicial resources and the time of counsel. The Court would note that this is not the first time that counsel has been warned regarding this type of behavior. In Aubuchon v. Wolpoff & Abramson, et al., No. 04-0537-CV-W-HFS (W.D.Mo. Mar. 28, 2006), Judge Sachs stated:

8

> The practice of plaintiffs' attorney in filing nearly identical motions for partial summary judgment on behalf of each individual plaintiff is problematic. Sorting through these somewhat duplicative filings has been unduly time-consuming for the court. In the future, if plaintiffs' attorney seeks to file a series of motions that advance essentially the same arguments on behalf of multiple plaintiffs, he should combine such motions to the extent practicable. Doing so will conserve judicial resources, decrease the litigation costs for all parties involved, and ensure that the record in this case is not unnecessarily cluttered and confusing.

Id. at p. 2, n. 2.

Defendants have asked the Court to impose sanctions on plaintiffs' counsel for this type of conduct. The Court will not do so at the present time. However, plaintiffs' counsel is warned that this type of duplicative and unnecessary filing will not be tolerated in the future.

Therefore, plaintiffs' counsel should wait until after the close of discovery before filing any further Motions for Summary Judgment. The date for the filing of Summary Judgment Motions is contained in the Scheduling and Trial Order. Also, plaintiffs' counsel shall file one motion which encompasses all of plaintiffs' claims and shall not file separate motions on behalf of each plaintiff. Accordingly, the Court hereby **PROVISIONALLY DENIES** all pending Motions for Summary Judgment (Docs. # 32, 46, 54, 62, 77, 78, 82).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS in PART** and **DENIES IN PART** defendants' Joint Motion to Dismiss (Doc. # 21). As stated above, the Court requests additional briefing on the Rooker-Feldman issue and the Res Judicata issue. The defendants shall jointly file a Supplemental Motion to Dismiss addressing these

9

issues on or before **November 15, 2007**.  Plaintiffs shall respond within the time allowed under the rules and defendants may then file Reply Suggestions.

Plaintiffs' Motion for Partial Summary Judgment (Doc. # 32); Gerald McCoombe's First Motion for Partial Summary Judgment (Doc. # 46); Jeffrey Tonkin's Motion for Partial Summary Judgment (Doc. # 54); Robert Lavender's First Motion for Partial Summary Judgment (Doc. # 62); Gerald McCoombe's Motion to Clarify Motion for Partial Summary Judgment (Doc. # 77); Jewell Lavender's Motion for Partial Summary Judgment (Doc. # 78); Rose McCoombe's First Motion for Partial Summary Judgment (Doc. # 82) are all **PROVISIONALLY DENIED**.

Gerald McCoombe's Motion to Withdraw Document and Correct Record (Doc. # 59) is hereby **GRANTED**.  Document 57 shall be stricken from the record and is replaced by Document 58.

Wolpoff & Abramson's Motion to Stay and/or Extension of Time as to all Pending Motions Filed by Plaintiffs (Doc. # 86) is hereby **GRANTED in PART** and **DENIED in PART**.  The Motion is granted to the extent that the pending motions for summary judgment are provisionally denied, however, the Court **DENIES** the motion to sanction plaintiffs' counsel.


Date:  11/1/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

10