**IN THE WESTERN DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| ROBERT LAVENDER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| WOLPOFF & ABRAMSON, L.L.P., ) | No. 07-0015-CV-W-FJG |
| ) | |
| Defendants. ) | |
| ) | |

# ORDER

Currently pending before the Court is plaintiff's first Motion to Certify Class (Doc. # 79), Motion to Set Aside Dismissal of Count X (Doc. # 92), Joint Motion for Extension of Time to Complete Discovery (Doc. # 121), Motion to Amend/Correct Counts 3 and 4 of Amended Complaint (Doc. # 126), First Motion to Dismiss Party (Doc. # 128), Motion to Dismiss Jeffrey B. Tonkin (Doc. # 136), Motion for Summary Judgment (Doc. # 131), Motion for Summary Judgment Against All Plaintiffs (Doc. # 133) and Motion for Partial Summary Judgment (Doc. # 134).

## I. BACKGROUND

Plaintiffs in this case entered into credit agreements with MBNA America ("MBNA"). Plaintiffs allege that the defendants, debt collection law firms, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e and the Missouri Merchandising Practices Act ("MMPA"). Defendant Wolpoff is a Maryland based law firm. Defendants Kramer and Gamache are Missouri based law firms. Plaintiffs allege that Wolpoff violated both statutes by engaging in the

unauthorized practice of law while pursuing arbitrations against the plaintiffs. Plaintiffs also allege that Wolpoff violated the statutes in seeking attorney fees for its work. Plaintiffs allege that Kramer and Gamache violated the statutes in seeking to confirm the arbitration awards obtained by Wolpoff in Missouri courts.

On August 30, 2007, the Court dismissed plaintiffs' claims under the Missouri Merchandising Practices Act, finding that the Act was not applicable in this instance. With regard to the Fair Debt Collect Practices Act Claim ("FDCPA"), the Court directed plaintiffs to file a response addressing whether the claims of Robert Lavender, Jewell Lavender, Helen Sams, Rose McCoombe, Gerald McCoombe, Celeste Kim, Judy Friend, Shirley Gallagher and Kathleen Miles were time barred. The Court deferred ruling on defendants' Motions to Dismiss until after the parties had completed their briefing. On November 1, 2007, the Court granted the Motion to Dismiss the claims of Judy Friend (Count Ten), Shirley Gallagher (Count Eleven) and Katherin Miles (Count Twelve). The Court also granted defendants' motion to dismiss plaintiffs' claims that they violated the FDCPA by engaging in the unauthorized practice of law. The Court requested additional briefing on the applicability of the Rooker Feldman and Res Judicata doctrines.

## II. STANDARD

The Supreme Court recently issued a new standard to apply when considering motions to dismiss. In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

> need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 1974.

### III. DISCUSSION

**A. Unauthorized Practice of Law**

As noted above, on November 1, 2007, I dismissed plaintiffs' claims which alleged that the defendants had violated the FDCPA by engaging in the unauthorized practice of law. I found that these claims were not cognizable under that statute. See Anderson v. Gamache & Myers, No. 4:07CV336MLM, 2007 WL 1577610, * 4 (E.D.Mo. May 31, 2007)("Plaintiff's claim . . .that G&M violated the FDCPA, § 1692e(10), by using false, deceptive, and/or misleading means to collect a debt by assisting AMAR in the unauthorized practice of law is not cognizable pursuant to FDCPA."). The Order did not however, specify which Counts of the Complaint were dismissed. After further analysis, it appears that the majority of the counts of the Complaint are based on this theory that

3

the defendants violated the FDCPA by engaging in the unauthorized practice of law. For example, in Count One, plaintiff Robert Lavender alleges that defendant Wolpoff submitted demands on him that misrepresented the character and amount of a debt that he owed to MBNA Bank. He alleges that they misrepresented the debt by making phone calls, sending letters, and otherwise demanding that he reimburse MBNA for *legal fees rendered by persons not authorized to render legal fees.* (¶ 1-4). He also alleges that Wolpoff demanded that he pay $1,548.90 for *legal fees rendered by persons not authorized to render legal services. This act amounted to a misrepresentation as to the amount of money owed by Robert Lavender, because Missouri law proscribes a creditor from assessing attorney's fees for services rendered by persons not authorized to render legal services.* (¶ 1-5). Similar language and allegations are made with regard to plaintiffs: Jewell Lavender (Count II), Helen Sams (Count V), Celeste Kim (Count VI), Celeste Kim (Count VII), Rose McCoombe (Count VIII), Gerald McCoombe (Count IX) and Katherin Miles (Count XIII). The Court finds that these claims should be dismissed because they are in essence all alleging that the defendants violated the FDCPA by engaging in the unauthorized practice of law which the Court has previously determined is not cognizable.

### B. Rooker-Feldman Doctrine

The other claims raised in the First Amended Complaint allege that after the plaintiff disputed the existence of an agreement to arbitrate, that the defendant continued to represent that further proceedings could be conducted before the arbitrator even though the plaintiff had filed a Notice of Dispute with the National Arbitration Forum. (Count III, ¶ 3-6). The Complaint also alleges that the defendants violated the

4

FDCPA by demanding that the plaintiffs pay MBNA pursuant to an Arbitrator's award, that was rendered by an arbitrator who lacked authority to render the award. (Count IV, ¶ 4-4). See also Count XIV. "Defendant Kramer & Frank brought an action on behalf of MBNA America Bank in the Circuit Court of St. Louis County, Missouri to confirm an Arbitrator's Award rendered in favor of MBNA, even though said Award was null, void, and of no legal effect." (Count XIV, ¶ 14-9).

Defendants argue that these claims are precluded by the Rooker-Feldman doctrine. In Kramer & Frank v. Wibbenmeyer, No. 4:05CV2395RWS, 2007 WL 956931 (E.D.Mo. Mar. 6, 2007), the Court explained:

> The *Rooker-Feldman* abstention doctrine bars a party who lost in state court from seeking what is in substance appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. . . . A federal court must give the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state. . . .the Supreme Court took this principle a step further and held that lower federal courts lack jurisdiction to review state court judgments. The doctrine also deprives lower federal courts of jurisdiction over claims that are 'inextricably intertwined' with claims adjudicated in state court. . . . On the other hand, a claim - particularly a claim under federal law - is not precluded if it is 'separable from and collateral to the merits of the state-court judgment.' . . . A claim is inextricably intertwined under Rooker-Feldman if it 'succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling.

Id. at *1 (internal citations omitted).

Defendants argue that the plaintiff's allegations are inextricably intertwined with the arbitration awards and the state court judgments and that this action is an indirect attempt to challenge the validity of the arbitration awards. Plaintiffs' arguments in opposition support this. Plaintiffs state that with regard to Jewell Lavender, an arbitrator

5

entered an award against her in December 2006 and the validity of this award is presently under scrutiny by the Jackson County Circuit Court. Plaintiffs state that "[t]he Jackson County Circuit Court will address whether the determination(s) of the arbitrator are to be enforced on the one hand, or cast aside on the other." (Plaintiffs' Suggestions in Opposition, p. 5). Similarly, with regard to Celeste Kim, plaintiffs' state that "Kim's attack pends before the Circuit Court of Pettis County, Missouri, which will address whether the determination(s) of the arbitrator are to be enforced on the one hand, or cast aside on the other." (Plaintiffs' Suggestions in Opposition, p. 7). As defendants point out, Mo. Rev. Stat. § 435.405 allows plaintiffs to challenge the arbitrators award by arguing that the award was procured by corruption, fraud or other undue means or that the arbitrators exceeded their powers. This is apparently, what at least some of the plaintiffs are attempting to do and what all of the plaintiffs had the opportunity to do. However, because the validity of these claims are being challenged in state court is all the more reason why the Rooker-Feldman doctrine applies to bar the federal claims. In the cases where Courts have found the doctrine inapplicable, the plaintiffs have not challenged the validity of the state court judgment, but rather have challenged the defendant's conduct in collecting the debt or have asserted an independent claim. See Anderson v. Gamache & Myers, No. 4:07CV336MLM, 2007 WL 1577610 (E.D.Mo. May 31, 2007); Wyles v. Excalibur I, LLC, No. Civ.05-2798JRTJJG, 2006 WL 2583200 (D.Minn. Sept. 7, 2006). In the instant case, the Court finds that the claims are inextricably intertwined and that the plaintiffs are not asserting a separate or independent claim. Therefore, the Court finds that the Rooker Feldman doctrine bars plaintiffs' remaining claims. Accordingly, for the reasons stated above, the Court hereby

6

**GRANTS** defendants' Joint Motion to Dismiss (Doc. # 109) and hereby **DISMISSES** plaintiffs' case.

### IV. CONCLUSION

Defendants' Joint Motion to Dismiss is hereby **GRANTED** (Doc. # 109); plaintiff's first Motion to Certify Class is hereby **DENIED** as **MOOT** (Doc. & 79); plaintiff Judy Friend's Motion to Set Aside Dismissal of Count X is hereby **DENIED** as **MOOT** (Doc. # 92); Joint Motion for Extension of Time to Complete Discovery is hereby **DENIED** as **MOOT** (Doc. # 121); plaintiff Jeffrey Tonkin's Motion to Amend/Correct Counts 3 and 4 of Amended Complaint is hereby **DENIED** as **MOOT** (Doc. # 126), Katherin Miles' First Motion to Dismiss Party is hereby **DENIED** as **MOOT** (Doc. # 128), Jeffrey B. Tonkin's Motion to Dismiss Party is hereby **DENIED** as **MOOT** (Doc. # 136), Gamache & Myer's Motion for Summary Judgment is hereby **DENIED** as **MOOT** (Doc. # 131); Wolpoff & Abramson's Motion for Summary Judgment Against All Plaintiffs is hereby **DENIED** as **MOOT** (Doc. # 133) and plaintiffs' Motion for Partial Summary Judgment is hereby **DENIED** as **MOOT** (Doc. # 134).

Date: 3/12/08  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge

7

Case 4:07-cv-00015-FJG   Document 149   Filed 03/12/08   Page 7 of 7